PROB 12A
(REVISED 5/2011)

# United States District Court
## for
## Middle District of Tennessee
## Report on Offender Under Supervision

Name of Offender: <u>Darnell Orlando Williams</u>      Case Number: <u>3:08-00034</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, Chief, U.S. District Judge</u>

Date of Original Sentence: <u>March 2, 2009 [Honorable Robert L. Echols, U.S. District Court Judge]</u>

Original Offense: <u>18. U.S.C. § 922 (g)(1), Felon in Possession of Firearm</u>

Original Sentence: <u>Fifty - One (51) months' custody; Resentenced on November 1, 2010 to Forty (40) months custody; 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>     Supervision Commenced: <u>February 15, 2011</u>

Assistant U.S. Attorney: <u>Philip Wehby</u>     Defense Attorney: <u>Jude T. Lenahan</u>

---

**THE COURT ORDERS:**
☒ No Action at this time
☐ Submit a Petition for Summons
☐ Submit a Petition for Warrant
☐ Other

Considered this <u>24</u> day of <u>July</u>, 2012, and made a part of the records in the above case.

_____
Chief, U. S. District Judge
Todd J. Campbell

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_/s/ Paul Montgomery_
Sr U.S. Probation Officer
Paul Montgomery

Place   Nashville, Tennessee

Date   July 20, 2012

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall refrain from any unlawful use of a controlled substance:**

   Mr. Williams submitted a urine drug screen on July 2, 2012, which confirmed positive for cocaine. Mr. Williams was questioned about this screen and admitted he had snorted cocaine with friends on June 29, 2012. The probation officer has referred the defendant to Centerstone for a substance abuse assessment.

   Mr. Williams submitted a urine drug screen on July 19, 2012, which confirmed positive for cocaine. When questioned about this screen, Mr. Williams admitted he had snorted cocaine on July 15 or July 16, 2012. He admitted a family member offered him the drug, to which he accepted.

2.   **The defendant shall participate in a program of drug testing at the direction of the Probation Officer.**

   Mr. Williams failed to report for random urine drug screens on May 30, 2012, and June 22, 2012. The defendant was admonished for his failure to follow this condition. The proper procedure for meeting this requirement was explained to the defendant again.

3.   **The defendant shall not commit another federal, state or local crime:**

   On June 8, 2012, the defendant was given a criminal citation by Metro Nashville Police Department for Selling Beer Without a Permit. Mr. Williams has a court settlement hearing scheduled for September 9, 2012. The defendant denied he was selling beer without a permit, but rather, gave a friend a beer.

**Compliance with Supervision Conditions and Prior Interventions**
On March 2, 2009, Mr. Williams was sentenced to a custody sentence of 51 months, to be followed by three years' supervised release by the Honorable Robert L. Echols, U.S. District Court Judge. On November 1, 2010, the defendant was re-sentenced by Your Honor to a custody sentence of 40 months, to be followed by three years' supervised release. Mr. Williams began supervised release on February 15, 2011. The conditions of supervised release were reviewed with the defendant on February 23, 2011, and he was provided with a copy of the conditions.

The Court was previously notified via a Petition Form 12A on August 26, 2011, about the defendant's arrest on July 7, 2011, by Metro Nashville Police Department, for Criminal Simulation and Driving on Suspended Driver's License. The defendant's next court date on those charges is August 8, 2012.

New Violations:

Mr. Williams has been admonished by the probation officer for his conduct; specifically, his illegal drug use, failure to report for random drug testing, new criminal conduct, and, his lack of verifiable employment. The defendant also has not paid his special assessment. The probation officer gave the defendant a positive job lead, that likely will result in gainful employment should the defendant give it serious consideration and effort.

It is recommended that no adverse action be taken at this time. The probation officer will keep the Court apprised of the outcome of the state case, and submit a recommendation for further action if deemed necessary.

The U.S. Attorney's Office has been notified of the defendant's noncompliance.

Approved by: _____
Kenneth Parham
Supervisory U.S. Probation Officer